**Yudhvinderpal Singh SANDHU; Gurpreet Kaur Sandhu, Petitioners,**

**v.**

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 08–71896.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 15, 2011.[*]

Filed March 9, 2011.

Peter Doung, Esquire, Alvarez & Doung, Oakland, CA, Peter Duong, Law

---

[*] The panel unanimously concludes this case is suitable for decision without oral argument.

Offices of Peter Duong, San Francisco, CA, for Petitioner.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, OIL, Carmel Aileen Morgan, Esquire, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, FERNANDEZ, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Yudhvinderpal Singh Sandhu and Gurpreet Kaur Sandhu, natives and citizens of India, petition for review of the Board of Immigration Appeals' order affirming an immigration judge's ("IJ") decision denying their application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir. 2003), and we deny the petition for review.

The agency found that Mr. Sandhu experienced past persecution on the basis of a single incident in which he and his father were arrested and beaten by Indian police in 1989. Substantial evidence supports the agency's determination that the government rebutted the presumption of a well-founded fear of future persecution by establishing changed circumstances in India. *See* 8 C.F.R. § 1208.13(b)(1); *see also Gonzalez–Hernandez*, 336 F.3d at 999–1001. The agency rationally construed ev-

idence in the record and provided a sufficiently individualized analysis of Sandhu's situation. *See id.* at 1000–01. Accordingly, petitioners' asylum claim fails.

Because petitioners failed to establish eligibility for asylum, they necessarily failed to meet the more stringent standard for withholding of removal. *See id.* at 1001 n. 5.

Finally, petitioners' contention that the IJ ignored country conditions evidence is belied by the record.

**PETITION FOR REVIEW DENIED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.